# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS
### No. 14-1153V
### Filed: February 19, 2015
Unpublished

* * * * * * * * * * * * * * * * * * * * * * * * * *

| | | |
|---|---|---|
| MARY DANIELS, | * | |
| | * | |
| Petitioner, | * | Ruling on Entitlement; Concession; |
| v. | * | Influenza or Flu Vaccine; Shoulder |
| | * | Injury Related to Vaccine Administration |
| SECRETARY OF HEALTH | * | (SIRVA); Special Processing Unit |
| AND HUMAN SERVICES, | * | |
| | * | |
| Respondent. | * | |
| | * | |

* * * * * * * * * * * * * * * * * * * * * * * * * *

*Joseph Pepper, Esq. (acting for Ronald Homer), Conway, Homer & Chin-Caplan, P.C., Boston, MA, for petitioner.*
*Camille Collett, Esq., U.S. Department of Justice, Washington, DC for respondent.*

## RULING ON ENTITLEMENT[1]

**Vowell**, Chief Special Master:

On November 26, 2014, Mary Daniels filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq*,[2] [the "Vaccine Act" or "Program"]. Petitioner alleges that she a shoulder injury related to vaccine administration (SIRVA) which was caused by the flu vaccine she received on December 3, 2012. Petition at 1. The case was assigned to the Special Processing Unit of the Office of Special Masters.

On February 18, 2015, respondent filed her Rule 4(c) report in which she concedes that petitioner is entitled to compensation in this case. Respondent's Rule 4(c) Report at 5. Specifically, respondent "believes that the alleged injury is consistent with a shoulder injury related to vaccine administration ("SIRVA") and it was caused in

---

[1] Because this unpublished ruling contains a reasoned explanation for the action in this case, I intend to post it on the United States Court of Federal Claims' website, in accordance with the E-Government Act of 2002, Pub. L. No. 107-347, § 205, 116 Stat. 2899, 2913 (codified as amended at 44 U.S.C. § 3501 note (2006)). In accordance with Vaccine Rule 18(b), petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all "§" references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2006).

fact by the influenza vaccine she received on December 3, 2012." *Id.* Furthermore, respondent agrees that petitioner's injury lasted for more than six months and is not due to factors unrelated to the administration of the flu vaccine. *Id.*

**In view of respondent's concession and the evidence before me, I find that petitioner is entitled to compensation.**

<u>**s/Denise K. Vowell**</u>
Denise K. Vowell
Chief Special Master